IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPAC TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHAN VOLCKAERTS, et al., <br><br> Defendants. | Case No. 24-cv-04148-CRB <br><br> **ORDER GRANTING MOTIONS TO DISMISS** |

Plaintiff EPAC Technologies, Inc. sues individual executives of a now-bankrupt Netherlands-based paper supply company, Crown Van Gelder B.V., as well as trustee representatives and an attorney of the CVG bankruptcy estate (the "Manager Defendants" and "Trustee Defendants," respectively). EPAC alleges that the Defendants defrauded EPAC by misrepresenting how much it cost to make paper, a factor in the price that EPAC paid for CVG's products. Defendants move to dismiss Plaintiffs' claims for lack of personal jurisdiction, improper venue, failure to state a claim, and under the doctrine of forum non conveniens. The Court **GRANTS** Defendants' motions to dismiss for lack of personal jurisdiction.

I.  BACKGROUND

At the pleading stage, the Court must "accept as true all factual allegations in the operative complaint, and [] construe them in the light most favorable to Plaintiff." Nayab v. Cap. One Bank (USA), N.A., 942 F.3d 480, 487 (9th Cir. 2019). That said, Defendants have submitted various affidavits in support of their motions to dismiss. Because EPAC has not submitted any affidavits of its own, the Court takes Defendants' affidavits as true, even where Defendants' affidavits conflict with the allegations in EPAC's complaint. See

Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977)).[1]

### A. The Parties

EPAC Technologies is a printer of books (and other documents) that provides services to various publishing houses. Compl. (dkt. 1-1) ¶ 2. Before it went bankrupt, CVG was a paper supply company based in the Netherlands that sold paper to EPAC. Id. ¶¶ 3–4. Manager Defendants Johan Volckaerts, Miklas Dronkers, Sabrine Siem A Joe, Rienk Jan van der Kool, and Myrna van der Stelt were various executives, managers, and directors of CVG. Id. ¶¶ 10–14. Trustee Defendants Rocco Mulder and Alfons Dunselman are attorneys who were appointed as trustees of CVG's estate, and Trustee Defendant Brian van Veen is an attorney of the CVG estate. Id. ¶¶ 15–17. All Defendants are residents of the Netherlands except for Volckaerts, who is a resident of Belgium. Id. ¶¶ 10–17.

### B. The Allegations

EPAC and CVG were parties to a cost-plus contract under which EPAC would buy paper from CVG at rates reflecting CVG's actual expenses plus a preset profit margin. Id. ¶ 21. The contract required CVG to be transparent with EPAC about its expenses. Id. Manager Defendants "directly or indirectly" communicated CVG's expenses to EPAC. Id. ¶ 22. Leading up to and after Russia's invasion of Ukraine in February 2022, which drove up the cost of European natural gas, CVG added an energy surcharge to EPAC's invoices and stated that the surcharge reflected its actual energy cost increases. Id. ¶ 23. Several months went by, and then EPAC challenged CVG's increased energy costs. Id. ¶ 25. CVG, at Manager Defendants' direction, refused to provide documentation until October 2022, when they allegedly provided a "materially false, misleading, and substantially overstated" price breakdown. Id. ¶¶ 26–27. EPAC further alleges that Manager

---

[1] In the parties' briefing on these motions, EPAC filed an administrative motion to consider whether certain material should be sealed (dkt. 31). Defendants did not file a statement in support, so EPAC's motion is **DENIED**, and the documents are unsealed. See Civ. Local R. 79-5(f)(3).

Defendants later "convened an internal meeting … to falsify financial records that could be shown to EPAC to justify the high prices that EPAC had been paying." Id. ¶ 29.

In January 2023, CVG filed for bankruptcy. Id. ¶ 31. EPAC informed Trustee Defendant Mulder of the suspected fraud and asked that he put in place a litigation document hold and retention policy to preserve CVG's records. Id. ¶¶ 32–33. EPAC later learned, however, that many of CVG's records "had been altered, deleted, or removed." Id. ¶ 35. From this, EPAC contends that "Trustee Defendants formed a plan with Manager Defendants to conceal their Manager Defendants' fraud against EPAC." Id. ¶ 36.

### C. Procedural History

Defendants—filing separately as Manager Defendants and Trustee Defendants—now move to dismiss EPAC's claims on various grounds. They argue (1) that the Court lacks personal jurisdiction over them, (2) that venue is not proper in this District, (3) that the Complaint fails to state a claim, and (4) that the forum non conveniens doctrine requires dismissal. The Court concludes that personal jurisdiction is indeed lacking and does not reach Defendants' various other arguments.[2]

## II. LEGAL STANDARD

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). That said, "the plaintiff need only make a prima facie showing of the jurisdictional facts." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). This prima facie showing must be made with respect to each defendant and must be supported "by specific factual allegations." Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007).

## III. DISCUSSION

While there are many pathways that an inquiry into personal jurisdiction can take,

---

[2] Both groups of Defendants filed separate motions to dismiss on forum non conveniens grounds. Manager Defs.' forum non conveniens MTD (dkt. 28); Trustee Defs.' forum non conveniens MTD (dkt. 29). The Court finds these separate motions moot.

the parties' briefing distills the key issues in this case. First, EPAC does not allege that any Defendant is subject to "general" personal jurisdiction in California—i.e., that any Defendant has such "continuous and systematic" contacts with California to be "essentially 'at home'" there. Daimler AG v. Bauman, 571 U.S. 117, 139 (2014) (citation omitted). Rather, EPAC contends that Defendants are subject to "specific" personal jurisdiction in California, see Compl. ¶ 19; Opp'n (dkt. 30) at 8–15, meaning that there is a sufficient "affiliation between the forum [California] and the underlying controversy [the alleged fraud]." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (cleaned up) (citation omitted).

Next, in the context of specific personal jurisdiction, the issues narrow even further. To establish personal jurisdiction in a tort suit like this one, the plaintiff must allege that (1) the defendant "purposefully direct[ed] his activities" at "the forum or [a] resident thereof," (2) the claim "arises out of or relates to the defendant's forum-related activities," and (3) "the exercise of jurisdiction [would] comport with fair play and substantial justice." Schwarzenegger, 374 F.3d at 802. All three of these requirements must be satisfied for the court to exercise jurisdiction over the defendant. See In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 742 (9th Cir. 2013). And although the parties address all three, their primary focus is on the first.[3]

Finally, the parties winnow the issues at the purposeful direction stage of the inquiry. For a defendant to have purposefully directed his activities at the forum state, he

---

[3] To be sure, Defendants raise a compelling argument that the third factor is not met. The Supreme Court cautions that U.S. courts should take "[g]reat care and reserve … when extending our notions of personal jurisdiction into the international field." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 115 (1987). The Ninth Circuit likewise instructs that "litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state." Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). Moreover, of the seven factors that courts weigh when deciding whether it is "reasonable" to exercise personal jurisdiction over an out-of-state defendant, several motivate strongly against jurisdiction. See Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1487–88 (9th Cir. 1993) (listing, among other factors, the existence of an alternative forum (here, the Netherlands); the burden on the defendant to defend the suit in the chosen forum (here, a high burden); and the extent of defendant's purposeful interjection into the chosen forum (here, minimal if any)).

4

1  must have "(1) committed an intentional act, (2) expressly aimed at the forum state,
2  (3) causing harm that the defendant knows is likely to be suffered in the forum state."
3  Schwarzenegger, 374 F.3d at 805. Defendants appear to concede that EPAC has alleged
4  that they engaged in intentional acts, Manager Defs.' MTD (dkt. 15) at 10; Trustee Defs.'
5  MTD (dkt. 18) at 16, and only briefly contest EPAC's contention that they knew the
6  effects of their conduct would be felt in California, see Manager Defs.' Reply (dkt. 39) at
7  3. This leaves at issue only the second of the purposeful direction prongs: whether
8  Defendants expressly aimed their alleged fraud at California.

      Having now reached the crux of the parties' dispute, the Court concludes that EPAC has failed to allege that Manager Defendants expressly aimed their alleged fraud at California. Manager Defendants at most made a few fraudulent statements to EPAC, a California-based company, and to EPAC executives who were based in California.[4] That is not enough to establish personal jurisdiction, because the "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." Id. Manager Defendants' handful of statements, all of which concern business activities carried out in the Netherlands, do not connect them to California simply because that is where EPAC and its executives are based.

      EPAC does not identify persuasive authority that Manager Defendants' statements are sufficient to establish personal jurisdiction. To the contrary, many of EPAC's cases involve contacts between the defendant and the forum state itself, not just contacts between the defendant and the plaintiff. See, e.g., DEX Sys., Inc. v. Deutsche Post AG, 727 F.

---

[4] To be precise, EPAC alleges that Manager Defendants "directly or indirectly" made representations to EPAC through other CVG employees and that they "caused" certain documents "to be sent" to EPAC. Compl. ¶¶ 22, 27. But personal jurisdiction hinges upon each individual defendant's contacts with the forum state. See Walden, 571 U.S. at 284–85; Swartz, 476 F.3d at 766. Other individuals' contacts do little to establish personal jurisdiction over Manager Defendants—though here, even those contacts are not enough.

5

1 App'x 276, 278 (9th Cir. 2018) (allegations that defendant used servers stored in the forum

2 state); Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp., 905 F.3d 597, 603 (9th Cir.

3 2018) (allegations that defendant made defamatory statements while physically in the

4 forum state); Benaron v. Simic, 434 F. Supp. 3d 907, 914–15 (D. Or. 2020) (allegations

5 that defendant persistently harassed and defamed forum-state resident); Microsoft Corp. v.

6 Mountain W. Computers, Inc., 2015 WL 4479490, at *7 (W.D. Wash. July 22, 2015)

7 (allegations that defendants "accessed [] computer servers" in the forum state); Rewardify,

8 Inc. v. Synvest Canco, Inc., 2022 WL 718492, at *6 (S.D. Cal. Mar. 10, 2022) (allegations

9 that defendant traveled to the forum state and sought to become "a director of a

10 corporation" based there); DiscoverOrg Data, LLC v. Quantum Mkt. Rsch. Inc., 2019 WL

11 5618670, at *4 (W.D. Wash. Oct. 31, 2019) (allegations that defendant accessed, without

12 authorization, records and systems maintained by a forum-state company).  Other cases

13 predate Walden and appear to use an overly flexible metric for assessing personal

14 jurisdiction.  See, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082,

15 1087 (9th Cir. 2000) (finding that the expressly aimed requirement "is satisfied when the

16 defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the

17 defendant knows to be a resident of the forum state"), overruled in part on other grounds

18 by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1207

19 (9th Cir. 2006) (en banc).  To the extent these cases fail to "look[] to the defendant's

20 contacts with the forum State itself, not the defendant's contacts with persons who reside

21 there," 571 U.S. at 285, they conflict with Walden and no longer reflect governing law.[5]

22     EPAC's arguments respecting Trustee Defendants fare even worse.  EPAC fails to

23 allege that Trustee Defendants made any statements to EPAC or its executives, let alone

24 fraudulent ones.  See Compl. ¶¶ 32–37 (alleging that Trustee defendants received an email

---

[5] Still, even pre-Walden cases recognize that mere communication between an out-of-state defendant and an in-state plaintiff may be insufficient to establish personal jurisdiction. See, e.g., Dole Food Co. v. Watts, 303 F.3d 1104, 1112 (9th Cir. 2002) ("For example, we do not believe that … personal jurisdiction may be asserted whenever a foreign employee communicates with a corporation's headquarters about foreign operations.").

from an EPAC executive and nevertheless conspired with Manager Defendants to destroy documents), 46–56 (identifying as legal basis for claim against Trustee Defendants their alleged destruction of CVG records).  Nor does EPAC allege that Trustee Defendants had any other connection to California.

EPAC's only response is that the Court has "inherent authority to sanction" Trustee Defendants for the alleged spoliation of evidence related to this action.  Opp. at 16.  But the case that EPAC cites for this proposition—Apple Inc. v. Samsung Electronics Co., 888 F. Supp. 2d 976 (N.D. Cal. 2012)—has nothing to do with personal jurisdiction.[6]  EPAC appears to read Apple to say that if a third party violates a litigation hold, even before litigation commences, that third party is subject to personal jurisdiction in any court where the plaintiff ultimately decides to bring suit.  That is not consistent with the Supreme Court's guidance, which has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum state."  Walden, 571 U.S. at 284.  Whether Trustee Defendants violated a litigation hold does not establish a connection between them and California simply because EPAC ultimately filed this lawsuit in California.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS WITHOUT PREJUDICE** Defendants' motions to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: October 4, 2024

CHARLES R. BREYER
United States District Judge

---

[6] In Apple, the court held that a magistrate judge has the power to impose spoliation sanctions even though magistrate judges' authority is limited by statute.  See id. at 985–87.

7